## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**GARY W. TIPTON**

        **Plaintiff,**

     **v.**                         **Case No. 2:20-cv-4848**
                                        **Judge Sarah D. Morrison**
                                        **Magistrate Judge Chelsey M. Vascura**

**OHIO STATE UNIVERSITY HOSPITAL,**
*et al.,*

        **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

      Plaintiff, Gary W. Tipton, an Ohio inmate who is proceeding without the assistance of counsel, brings this action alleging that he received inadequate medical care from Defendants, the Ohio State University Hospital, OSU Hospital ER Doctor John Doe, OSU Hospital Charge Nurse John Doe, and OSU Hospital Nurse Jane Doe.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has $0.66 in his prison account. Pursuant to 28 U.S.C. § 1915(a)(1), the custodian of Plaintiff's inmate trust accounts at Correctional Reception Center (Inmate ID 764382) is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10 until the full fee of $350 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

2

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to Plaintiff's Complaint, on January 24, 2020, he was taken to Ohio State University Hospital for a "self-inflicted abdominal wound with an insertion of foreign body (razor blades)."  Several doctors and nurses (identified as "OSU Hospital ER Doctor John Doe," "OSU Hospital Charge Nurse John Doe," and "OSU Hospital Nurse Jane Doe" in the Complaint) evaluated and spoke with Plaintiff.  When hospital staff told Plaintiff that his x-rays were negative for any foreign bodies in his abdominal cavity, Plaintiff alleges he used his own fingers to extract a razor blade from his abdominal cavity, showed to hospital staff, and then swallowed it.  After another round of x-rays came back negative, Plaintiff was discharged from the hospital. Plaintiff alleges that hospital staff refused to bandage his abdominal wound and Plaintiff further injured himself by roughly removing an IV from his arm. Plaintiff contends he "should never have been able to leave in this condition" because he was suicidal, mentally unstable, and a danger to himself.

Plaintiff seeks both punitive and compensatory damages against Ohio State University Hospital and against the Doe Defendants in their individual capacities for alleged "reckless or callous indifference to [Plaintiff's] rights" and "pain and suffering, mental abuse and neglect."

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e), which

provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.  *See*

*also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action

in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion

of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be

granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must

satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

*See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil

Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under

Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III.

Plaintiff's Complaint fails to make clear whether he intends to assert a claim for violation of his constitutional rights under 42 U.S.C. § 1983 or merely a state-law medical malpractice claim. Regardless, for the reasons that follow, his claims are subject to dismissal under § 1915.

5

**A.    Plaintiff's claims against the Ohio State University Hospital are barred by the Eleventh Amendment.**

The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Mich.*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). This Court has previously held that the Ohio State University Medical Center is an instrumentality of the State of Ohio. *Matteson v. Ohio State Univ.,* 2000 WL 1456988, *3 (S.D. Ohio Sept. 27, 2000) ("[I]t is undisputed that the medical center and the hospitals are in fact part of the university [and] it is well settled that Ohio State University is an instrumentality of the State of Ohio."). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Thus, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the Ohio State University Hospital.

**B.    Plaintiff's claims against the individual Doe Defendants fail.**

To the extent Plaintiff intends to advance a claim for medical malpractice against the Doe Defendants, this is a state-law claim against employees of the State of Ohio, over which this Court lacks subject-matter jurisdiction. As these Defendants are employees or agents of the Ohio State University Hospital, they are immune from suit on a state-law medical malpractice claim unless the Ohio Court of Claims were to determine that they acted manifestly outside the scope of their employment. *See* O.R.C. § 2743.02(F). Only the Ohio Court of Claims has the jurisdiction to make that determination. O.R.C. § 9.86. As there is no suggestion that the Ohio

Court of Claims has determined that the Doe Defendants are not entitled to immunity, this Court lacks jurisdiction to hear Plaintiff's state-law claims. *McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012).

Even if the Court construes Plaintiff's Complaint to instead advance a federal constitutional claim against the Doe Defendants under 42 U.S.C. § 1983 for deliberate indifference to his medical needs in violation of the Eighth Amendment, those claims also fail. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011); *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id*. at 591 (quotation marks and citation omitted).

Here, Plaintiff has, at most, alleged that his medical care was inadequate, not nonexistent. Prison officials transported Plaintiff to a hospital, where he was evaluated by several staff members, who undertook two rounds of x-rays and found Plaintiff did not require any further medical care. Plaintiff's allegations fall short of the unnecessary and wanton infliction of pain required for an Eighth Amendment claim. *See Jones*, 625 F.3d at 941. Accordingly, it is **RECOMMEDED** that the Court **DISMISS** Plaintiff's claims against the Doe Defendants **WITHOUT PREJUDICE** to filing in the Ohio Court of Claims.

## IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the Ohio State University Hospital pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b) for failure to state a claim on which relief may be granted. It is further

**RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the Doe Defendants

**WITHOUT PREJUDICE** to filing in the Ohio Court of Claims. It is further

**RECOMMENDED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) be **DENIED AS**

**MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a de novo

determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C.

§ 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation de novo, and also operates as a waiver of the right to appeal the decision

of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S.

140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

9