IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY TIPTON, | : | CASE NO.: 20cv-4848 |
| | : | JUDGE MORRISON |
| *Plaintiff*, | : | MAGISTRATE VASCURA |
| v. | : | |
| OHIO STATE UNIVERSITY HOSPITAL, *et al.*, | : | |
| *Defendants*. | | |

## OPINION AND ORDER

This matter is before the Court for consideration of an Order and Report and Recommendation (R&R) issued by the Magistrate Judge on December 13, 2020. (ECF No. 7). In key part, the R&R recommends full dismissal of this action under 28 U.S.C. § § 1915(e)(2)(b) and 1915A(b) for failure to state a claim upon which relief may be granted. *Id*. at 1. *Pro se* Plaintiff Gary Tipton, an Ohio inmate, objects.[1] (ECF No. 14.)

## BACKGROUND

The R&R correctly set forth an overview of this action as follows:

> According to Plaintiff's Complaint, on January 24, 2020, he was taken to Ohio State University Hospital for a "self-inflicted abdominal wound with an insertion of

---

[1] Mr. Tipton's Objection was due by December 17, 2020. His Objection was not filed until January 7, 2021. Because the Court prefers deciding issues on the merits, and because his Objection in related case number 20cv-4843 was timely, the Court shall address his untimely Objection in this case.

1

> foreign body (razor blades)." Several doctors and nurses (identified as "OSU Hospital ER Doctor John Doe," "OSU Hospital Charge Nurse John Doe," and "OSU Hospital Nurse Jane Doe" in the Complaint) evaluated and spoke with Plaintiff. When hospital staff told Plaintiff that his x-rays were negative for any foreign bodies in his abdominal cavity, Plaintiff alleges he used his own fingers to extract a razor blade from his abdominal cavity, showed to hospital staff, and then swallowed it. After another round of x-rays came back negative, Plaintiff was discharged from the hospital. Plaintiff alleges that hospital staff refused to bandage his abdominal wound and Plaintiff further injured himself by roughly removing an IV from his arm. Plaintiff contends he "should never have been able to leave in this condition" because he was suicidal, mentally unstable, and a danger to himself.
>
> Plaintiff seeks both punitive and compensatory damages against Ohio State University Hospital and against the Doe Defendants in their individual capacities for alleged "reckless or callous indifference to [Plaintiff's] rights" and "pain and suffering, mental abuse and neglect."

(ECF No. 7 at 3.) After granting Mr. Tipton's IFP motion, the Magistrate held his medical malpractice claims against Ohio State University Hospital were subject to dismissal pursuant to Eleventh Amendment immunity. *Id.* at 6. The R&R further recommended dismissal of his medical malpractice claims against the individual defendants because the Court lacks jurisdiction as to those defendants. *Id.* at 6-7. And, assuming that the Complaint asserted a 42 U.S.C. § 1983 deliberate indifference claim, the R&R suggested dismissal of that count as well without prejudice because "Plaintiff's allegations fall short of the unnecessary and wanton infliction of pain required for an Eighth Amendment claim." *Id.* at 8 (citing *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010)).

2

The R&R lastly determined that Mr. Tipton's Motion to Appoint Counsel was moot. *Id*. at 9.

## STANDARD OF REVIEW

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). Because a nonpaying litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," 28 U.S.C. § 1915(e) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     (A) The allegation of poverty is untrue; or
>
>     (B) The action or appeal—
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A requires courts to screen complaints to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted."

The same "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. § 1915(e)(2) and 28 U.S.C. §

1915A] because the relevant statutory language tracks the language of Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). Thus, the Court must construe the complaint in the light most favorable to the plaintiff and determine whether the factual allegations present a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. In other words, a complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). However, "[p]*ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont County Sheriff's Dep't*, 374 Fed. Appx. 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## ANALYSIS

Plaintiff's Objection (ECF No. 8) incorporates his Objection filed in related case 20cv-4843 (ECF No. 14). Mr. Tipton states that his Complaint is meant to also assert a claim against Defendants under the Emergency Medical Treatment and

4

Active Labor Act (EMTALA), 42 U.S.C. § 1395dd. (ECF No. 8 at 1-2.) The act "places obligations of screening and stabilization upon hospitals and emergency rooms that receive patients suffering from an 'emergency medical condition.'" *Roberts v. Galen of Va., Inc.*, 525 U.S. 249, 250 (1999). If an individual requests examination or treatment at a hospital emergency department, "the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department." 42 U.S.C. § 1395dd(a). If the hospital determines that the individual indeed suffers from such an emergency medical condition, it then must provide either "such treatment as may be required to stabilize the medical condition," or must provide "for transfer of the individual to another medical facility." 42 U.S.C. § 1395dd(b)(1)(A) and (B).

Mr. Tipton's Objection states that the Defendants violated EMTALA by failing to medicate and stabilize him before authorizing his release in violation of the EMTALA. (ECF No. 14 at 2-5). Initially, the Court notes that an EMTALA claim is "not a substitute for [a] state law [medical] malpractice action[], and [EMTALA] was not intended to guarantee proper diagnosis or to provide a federal remedy for misdiagnosis or medical negligence." *Estate of Taylor v. Paul B. Hall Reg'l Med. Ctr.*, No. 98-5052, 1999 U.S. App. LEXIS 16761, at *8 (6th Cir. July 15, 1999). To the extent that Mr. Tipton wants to bring a proper EMTALA claim against the Ohio State University Hospital, such a claim would be barred pursuant to Eleventh Amendment immunity. *See* ECF No. 7 at 6 (citing cases). To the extent that Mr. Tipton wants to bring an EMTALA claim against the individual

5

defendants, the act does not authorize a private right of action against individuals. *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 587 (6th Cir. 2009).

Mr. Tipton makes no objections to the R&R's dismissal of his state medical malpractice claims against Ohio State University Hospital and the individual defendants. The Court thus **ADOPTS** the R&R's recommendation on these claims. Mr. Tipton's state medical malpractice claims against Ohio State University Hospital are **DISMISSED**. His state medical malpractice claims against the individual defendants are **DISMISSED WITHOUT PREJUDICE**.

Mr. Tipton's Objection clarifies that his Complaint asserts a claim under § 1983 against the individual defendants for deliberate indifference in violation of the Eighth Amendment. (ECF No. 8; ECF No. 14 in case number 20cv-4843.) In this regard, the Court agrees with the Magistrate that Mr. Tipton's Complaint alleges inadequate, not non-existent, care. As such, the Magistrate properly determined that the Complaint's § 1983 allegations are insufficient under *Jones*, 625 F.3d at 941. (ECF No. 7 at 8.) Mr. Tipton's Objection to the R&R's holding as to his § 1983 claims is **OVERRULED**. The Court **ADOPTS** the R&R's recommendation of dismissal for those claims. Mr. Tipton's § 1983 claims are **DISMISSED**.

Lastly, in conjunction with his objection, Mr. Tipton also moves for waiver of the filing fee in this action. His Motion for Leave to Proceed *In Forma Pauperis* ("IFP") was granted on December 3, 2020 (ECF No. 7); however, as a prisoner, Mr. Tipton is required to pay, over time, the $350 filing fee in full. 28 U.S.C.

6

§ 1915(b)(1)–(2). Mr. Tipton argues that because he filed two related cases (which involve events happening shortly after each other but occurring at different hospitals and naming different defendants), fairness requires that he should be required to pay the filing fee for only one of these two cases. (*See* Case No. 2:20-cv-4843.)

His argument lacks merit. The two cases involve non-overlapping defendants and non-overlapping facts. Defendants in this case would not be properly joined with defendants in the related case under Federal Rule of Civil Procedure 20, as Mr. Tipton asserts rights to relief against them arising out of separate transactions, and there is no question of law or fact common to all defendants. *See* Fed. R. Civ. P. 20(a)(2). In the context of claims brought by inmates, the United States Court of Appeals for the Seventh Circuit has also observed that, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Accordingly, Plaintiff properly filed two separate actions against the two separate sets of Defendants. He is therefore required to pay the filing fee in each action and his motion to waive the filing fee in this action is **DENIED**.

## CONCLUSION

The Court **ADOPTS** the R&R 's granting Mr. Tipton's IFP motion.

Without objection, the Court **ADOPTS** the R&R's recommendation that Mr. Tipton's Motion to Appoint Counsel is **MOOT**.

Mr. Tipton's state medical malpractice claims against Ohio State University Hospital are **DISMISSED**.

Mr. Tipton's state medical malpractice claims against the individual defendants are **DISMISSED WITHOUT PREJUDICE** to filing in the Court of Claims.

Mr. Tipton's § 1983 claims are **DISMISSED**.

Mr. Tipton's Objections are **OVERRULED**.

The Court **ADOPTS** the R&R in full.

Mr. Tipton's Motion to Waive Filing Fee (ECF No. 8) is **DENIED**.

This case is dismissed.

**IT IS SO ORDERED**.

                                                s/Sarah D. Morrison
                                                **SARAH D. MORRISON**
                                                **UNITED STATES DISTRICT JUDGE**